UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                               )
                                     )
    CLARENCE WRIGHT                )    Case No. 08-16170-SSM
                                     )    Chapter 13
           Debtor       )

**MEMORANDUM OPINION**

Before the court is a certification of exigent circumstances filed by the debtor in support of his request for deferment of the credit counseling that is required before an individual debtor may file a bankruptcy petition. Because the certification does not satisfy the statutory requirement for waiver of the credit counseling requirement, the request must be denied, and the case must be dismissed.

<u>Background</u>

Clarence Wright filed a voluntary petition in this court on October 7, 2008, for adjustment of his debts under chapter 13 of the Bankruptcy Code.[1] He did not file with the petition a certificate from an approved credit counseling agency showing that he had received a briefing that outlined the opportunities for available credit counseling and assisted him in performing a related budget analysis, but did file a "motion for exigent circumstances" stating:

> The debtor did not know of this requirement nevertheless intends of [*sic*] obtaining credit certification within 15 days of entry of the order granting this motion also the present home I'm living in goes up for sell [*sic*] 10/7/08.

---

[1] The petition was not accompanied by a list of creditors (creditor matrix), let alone schedules or a statement of financial affairs.

Discussion

Among the far-reaching changes made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 is a requirement that individual debtors, within 180 days prior to filing a bankruptcy petition, receive from an approved nonprofit budget and credit counseling agency an individual or group briefing that outlines the opportunities for available credit counseling and that assists the individual in performing a related budget analysis. §109(h)(1), Bankruptcy Code. The requirement may be deferred with respect to a debtor who submits to the court a certification that (1) "describes exigent circumstances that merit a waiver" of the credit counseling requirement; (2) "states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, *but was unable to obtain the services . . . during the 5-day period beginning on the date on which the debtor made that request*;" and (3) "is satisfactory to the court." §109(h)(3)(A)(i)-(iii) (emphasis added). The deferment, if granted, is effective for 30 days. §109(h)(3)(B). In addition to deferring credit counseling for up to 30 days, the court has the power to exempt a debtor altogether from the counseling requirement, but only if the debtor is unable to complete the requirement because of mental incapacity, physical disability, or active military service in a military combat zone. § 109(h)(3)(B).

An impending foreclosure—which is what the court understands the debtor to mean when he states that the property was going up for sale—would generally qualify as an exigent circumstance. *In re Childs*, 335 B.R. 623, 630 (Bankr. D. Md. 2005). The problem, however, is that the certification does not show that the debtor requested credit counseling from an approved agency but was unable to obtain it within five days of the request. Indeed, since he states that he was unaware of the requirement, it is obvious that he did not seek credit counseling at all prior to

filing his petition. The mere fact that a foreclosure was scheduled to take place before he could obtain the counseling is not sufficient—a debtor who waits until the last minute to seek counseling will not be exempt unless the agency is so backed up that it cannot provide the counseling within five days of the request. The court realizes that there may be circumstances in which a debtor has been strung along by a creditor and is thereby lulled into thinking that a bankruptcy filing will not be necessary. The court also recognizes that in many instances (including possibly this one) credit counseling would probably not have identified an alternative to a chapter 13 filing as a means for protecting the debtor's home. Nevertheless, in the absence of a request for counseling services and the inability to receive it within five days of the request, the court cannot grant a deferment no matter how compelling the circumstances and has no choice except to dismiss the case. *In re Watson*, 332 B.R. 740 (Bankr. E.D. Va. 2005).

Although dismissal of the case is without formal prejudice to refiling after the debtor receives the required counseling, the debtor should be aware that if a new case is filed within <u>one year</u> of the dismissal of this case, the automatic stay will expire on the 30th day after the new case is filed <u>unless</u>, within that 30-day period, the debtor requests, and the court grants, an extension of the automatic stay based on a finding that the new case has been filed in good faith. § 362(c)(3), Bankruptcy Code.

A separate order will be entered denying the deferment request and dismissing this case.

Date: _____        _____
                                    Stephen S. Mitchell
Alexandria, Virginia                United States Bankruptcy Judge

Copies to:

Clarence Wright
1717 N. Cameron Street
Arlington, VA 22207
Debtor *pro se*

Thomas P. Gorman, Esquire
211 North Union Street, Suite 240
Alexandria, VA 22314
Chapter 13 trustee